KARLE, Appellant, vs. TOWN OF COMMONWEALTH,
Respondent.

*December 4, 1940—January 7, 1941.*

For the appellant there were briefs by *Irving W. Smith* of Niagara, and *Roy R. Derham* of Iron Mountain, Michigan, and oral argument by *Mr. Smith.*

*Allen C. Wittkopf* of Florence, for the respondent.

FAIRCHILD, J.   The appellant bases his claim for recovery of damages entirely upon the proposition that a nuisance was maintained by defendant.   It is a general rule that a community has no more right to erect and maintain a nuisance than a private individual possesses.   Although the complaint is somewhat indefinite as to who removed the culvert, thus creating what is claimed to be the nuisance, it may be said that the allegations of the complaint do not show the acts to have been those of the respondent.   The concession made upon the argument that the culvert was removed by others than the town warrants a determination of the cause presented as though the complaint were made more definite and certain upon that point.   *Waube v. Warrington,* 216 Wis. 603, 258 N. W. 497, 98 A. L. R. 394.

The car in which appellant was riding when injured came from a farmhouse and entered the abandoned highway at the place where the private road intersected it. No barriers or signs were at that particular point to warn the driver of the abandonment of that section of the highway. Appellant admits the place where the alleged nuisance existed was on property belonging to individuals because the stretch of old road had been abandoned and therefore reverted to private ownership, but he contends it was the duty of respondent to have informed the new owners of the condition existing on the land thus passing to their control by the abandonment proceedings, and cites authorities which he contends sustain his argument. Those authorities might apply if this were a case where the community stood in the position of a proprietor. The resolution of the town board, under which the land formerly traversed by the highway was abandoned as a highway, was but a formal step in the process and no cause of action is here asserted of failure on the part of the town to barricade or place warning signs at the point where plaintiff and his host turned into the abandoned portion of the old highway.

No cause of action being set forth on which appellant may recover against the respondent and it being conceded that no further facts bearing upon the matter exist, the demurrer was properly sustained and the complaint must be dismissed.

*By the Court.*—Judgment affirmed.